## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

PATRICIA KENNEDY Individually,

     Plaintiff,

                                 Case No.: 5:17-cv-00442-JSM-PRL

v.

PACIFICA TAMPA LTD
PARTNERSHIP,

     Defendants.

_____/

## PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT
## AFTER DEFAULT AND VERIFIED APPLICATION FOR
## ATTORNEY FEES, COSTS, EXPERT FEES AND LITIGATION
## EXPENSES WITH MEMORANDUM OF LAW IN SUPPORT

Plaintiff PATRICIA KENNEDY ("Plaintiff" or "Kennedy"), pursuant to the provisions of Rule 55(b)(2) of the Federal Rules of Civil Procedure, moves this Court to enter Judgment after Default against Defendant PACIFICA TAMPA LTD PARTNERSHIP, Plaintiff further seek attorney fees, costs, litigation expenses and expert fees.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

This is an action for injunctive relief and attorneys' fees and costs pursuant to 42 U.S.C. §12181, et seq. ("Americans With Disabilities Act" or "ADA"). The individual Plaintiff, Patricia Kennedy, qualifies as a disabled person within the meaning of the ADA. Plaintiff is confined to a wheelchair and has limited use of her hands. The subject property is a hotel, known as Laquinta Inn & Suites, Cocoa Beach.

Defendant, Pacifica Tampa TD Partnership, was served with the summons and complaint on October 9, 2017 [DE 3] but failed to file any responsive pleading. Therefore, a Clerk's Default was entered against Defendant on November 16, 2017 [DE 5].

## MEMORANDUM OF LAW

### I.   PLAINTIFF IS ENTITLED TO FINAL DEFAULT JUDGMENT

This Court has original jurisdiction over the action pursuant to 28 U.S.C. §1331 and 1343 for Plaintiff's claims arising under 28 U.S.C. §12181, et seq., based on Defendants' violations of Title III of the Americans With Disabilities Act (see also, 28 U.S.C. §2201 and §2202).

Pursuant to the provisions of Rule 55 of the Federal Rules of Civil Procedure, when a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by the Rules of Civil Procedure, such as the Defendants in this cause, a default shall be entered against that party. In this instance, Defendants were properly served with the Complaint filed herein and failed to respond in any manner. Therefore, a final default judgment should be entered by the Court against Defendants based upon evidence provided by a supporting affidavit and/or a hearing if necessary.

On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), and established January 26, 1992, as the date when all public accommodations had to comply therewith. 42 U.S.C. §12181; 28 CFR §36.508(a) (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). Under either scenario, the Defendant's deadline for compliance with the ADA has long since passed. The premises, which are owned or leased by Defendant and which are the subject of this action include a facility known as a Laquinta Inn & Suites, Cocoa Beach. Defendant's facility must be accessible by individuals with disabilities

U.S.C. §12181(7) and 28 CFR §36.104, the building which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 CFR Part 36. Defendants are in violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq., and is discriminating against Plaintiff. The discrimination is based on the Defendants denying Plaintiff full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations as prohibited by 42 U.S.C. §12182 et seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv), where such removal is readily achievable.

Pursuant to 42 U.S.C. 12188(a)(2), this Court is provided authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA. In Houston v. Petrol Enterprises, Inc., 0:11-cv-61464-MGC, at DE 78 (S.D. Fla. 3/22/13), default judgment was issued requiring the defendant to bring the violations described in the complaint into compliance with the ADA. See also Houston v. Petrol Enterprises, Inc., 0:11-cv-61737-JIC, DE 15 (S.D. Fla. 1/30/2012)(same and awarding attorney fees, costs and litigation expenses by separate order). In Access 4 All, Inc. v. Ulster Heights Properties, Inc., 1:07-cv-2923 (S.D.N.Y. 2008), the Southern District of New York addressed the relief to which a plaintiff is entitled in the wake of a default. These include the entry of judgment mandating that the Defendants bring its facility into full compliance with the ADA.     Further, the Court stated that Plaintiff is entitled to their attorney fees, costs, litigation expenses and expert fees incurred.

## II. PLAINTIFF IS ENTITLED TO HER ATTORNEY FEES, COSTS, LITIGATION EXPENSES AND EXPERT FEES

Plaintiff was obligated to retain undersigned counsel for the filing and prosecution of this action and have agreed to pay reasonable attorneys' fees, including costs and litigation expenses as well as expert's fees and costs incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. §12205. An ADA plaintiff's attorney is entitled to recover the same costs, litigation expenses and fees that he or she would recover from a fee paying client. Seldon v. 7-Eleven, Inc., 2016 U.S. Dist. LEXIS 86898 *34 (N.D. Cal. 2016).

To recover attorneys' fees under 42 U.S.C. § 12205 a plaintiff must be a prevailing party. Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res., 532 U.S. 598 (2001). In order to be a "prevailing party" under Buckhannon , a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned. Roberson v. Giuliani, 346 F.3d 75 (2d Cir. 2004); American Disability Association, Inc. v. Chimielarz, 289 F.3d 1315 (11th Cir.2002); Habich v. City of Dearborn, 331 F.3d 524 (6th Cir. 2003); Barrios v. Cal. Interscholastic Fedn., 277 F.3d 1128 (9th Cir.2002) . In the instant action, Plaintiff is the prevailing party pursuant to the Default.

## III. CALCULATING ATTORNEYS' FEES

In a civil rights case, the amount of an award of attorneys' fees is determined by using the "lodestar" method: the value of a lawyer's service is calculated by determining a reasonable hourly rate for the provision of legal services and multiplying that rate by hours reasonably expended. *See* Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A reasonable hourly rate is the prevailing market

rate in the relevant legal community for similar services by lawyers of reasonable, comparable skills, experience and reputation. *See* Marisol A. v. Giuliani, 111 F.Supp.2d 381 (S.D.N.Y.2000). The relevant community to which the Court should look is the District in which the case was brought. Patrolmen's Benevolent Assn of the City of New York, Inc. v. The City of New York, 2003 WL 21782675 (S.D.N.Y. 2003); AR v. New York City Department of Education, 407 F.3d 65 (2d Cir 2005); Access 4 All, Inc. v. Park Lane Hotel, Inc., 2005 WL 3338555 (S.D.N.Y. 2005).

In the Southern District, the highest hourly rate awarded to Thomas B. Bacon was in Access For The Disabled, Inc. v. Sneekie Pete's Brew & Grille, Inc., S.D. Fla. 12-60288-Middlebrooks, DE 29, 05/15/2013, Thomas B. Bacon was awarded the hourly rate of $390. This rate was awarded after the Court reasoned that it had been lowered because Mr. Bacon had assumed control in a late stage of the case. In Houston v. South Bay Investors, 9:13-cv-80193-DTKH (S.D. Fla. 7/25/13), Phil Cullen was awarded the hourly rate of $420. In Access For The Disabled, et al. v. Baers Furniture Co., Inc., Case No. 0:07-cv-60953-KAM, DE 29 (S.D. Fla. Document 29, 03/16/2011). There, the United States District Court For the Southern District of Florida issued a Report and Recommendation awarding fees to Attorney Thomas B. Bacon at the hourly rate of $425.00.

The Affidavit and resume of Thomas B. Bacon are attached as composite Exhibit "A". Attorney Bacon has been a practicing attorney for 27 years. He has been a member of the Pennsylvania Bar since 1989. He has been a member of the Florida Bar since 1998. He has been a member of the Georgia Bar since 2008. He is a member of the United States District Courts For The Western District Of Texas, Southern District Of Florida, Middle District Of Florida, Northern District Of Florida, Northern District Of Georgia, Northern District Of Illinois, Western District Of

Pennsylvania, Eastern District Of Pennsylvania, District of Puerto Rico and the U.S. Courts Of Appeals for the Second, Third, Fourth, Sixth and Eleventh Circuits.

Attorney Bacon has successfully handled several hundred Title III ADA cases in the past several years. He has handled such cases in all of the above courts, and has handled many additional cases on a *pro hac vice* basis in the following United States District Courts: Northern District Ohio, Southern District Ohio, Western District New York, Southern District New York, Eastern District New York, District of Massachusetts, District of Maryland, Eastern District of Virginia, District of South Carolina, Eastern District of North Carolina, Middle District of North Carolina, Middle District of North Carolina Northern District of Georgia, Western, Middle and Eastern Districts of Pennsylvania and the District of New Jersey. *Bacon Affidavit.* Attorney Bacon seeks an hourly rate of $425.00.

Attorney Christine Failey has been an attorney since 2006 and is a member in good standing in Florida. She is a member of the United States District Court For the Middle District of Florida. Attorney Failey seeks an hourly rate of $350.*00. Failey Affidavit, Exhibit "B".*

In setting the hourly rate for Plaintiff's counsel, this Court should consider the rates charged by various *defendants'* attorneys. In 2017, defense attorney Ken Minerley charged $395.00 per hour. See Exhibit "C", at p. 4. Brian Blair, located in the Middle District of Florida, received $420.00 hour in 2011. Mr. Blair has been a practicing attorney since 1993[1], four years fewer than Attorney Bacon. *Exhibit "D".* As of 2011, the firm of Baker Hostetler charges its clients at the hourly rates of $375 for an attorney of 8 years; $375 for an attorney of 6 years. *Id.* In 2012, defense attorney Dana

---

[1]Information pertaining to the year each respective attorney was admitted was obtained from www.floridabar.org.

Watts submitted an affidavit in the Middle District advising the Court that he charges $300 per hour, even though he has handled fewer than 10 ADA cases. *Exhibit "E"*.  Additionally, an "expert" affidavit opined that the "typical" hourly rate charged by defense attorneys in 2012[2] was $350.00. *Exhibit "F"*. In 2006, in the Southern District of Florida, the firm of Lydecker Lee charged its clients the hourly rate of $340 for three different attorneys of 4 years; $340 per hour for an attorney of 2 years experience; and $385 per hour for an attorney with only 7 years experience. *See Exhibit "G", at p. 12.*  In 2013, Richard A. Harrison, a Tampa based defense counsel indicated that he is paid at the hourly rate of $400.  *See Exhibit"H"*  In 2016, Denise Wheeler Wright, a defense attorney located in Ft. Myers admitted in 1994, charged $410 per hour.

Significantly, these defense lawyers are paid on retainer, and are compensated regardless of whether they win or lose and do not incur any out of pocket expenses.  By contrast, undersigned counsel is paid only if Plaintiff prevails. In the event of loss, undersigned counsel suffers monetary losses in the form of expert fees, filing fees, process server and mediation fees.

For these reasons, Thomas B. Bacon should be awarded hourly rates higher than the $420 paid to Brian Blair, an attorney with 4 years less experience.  Bacon's request of $425 is entirely reasonable. Similarly, Failey's request for an hourly rate of $350 is also reasonable, when defense firms are charging comparable rates for attorneys with equal experience.[3]

In 2012, a plaintiff's ADA attorney was awarded an hourly rate of $420.00.  Barbra Joyner has handled only a fraction the number of Title III ADA cases than Thomas B. Bacon and has been an attorney for fewer years. Nonetheless, the Middle District Court held that her requested hourly

---

[2] The defense attorney to whom he referred is Herbert Zischkau, admitted in 1991.

[3] Attorney Failey has been in practice since 2006 and has handled over twenty ADA cases.

rate of $420 was reasonable. *See* <u>Hoewischer v. Mardini</u>, Case No. 3:12-cv-3-J, slip op. at p.3 (M.D. Fla. 9/28/12).

In 2017, in <u>Gil v. Winn Dixie</u>, (Case 1:16-cv-23020-RNS Document 73, p. 2 entered on FLSD Docket 08/11/2017) , a District Court awarded the following hourly rates to plaintiff's attorneys:

> Scott R. Dinin, Esq. $400.00/hour. Admitted to Fla bar 1996.
> Richard F. Della Esq. $500.00/hour  Admitted to Fla bar 1995
> Joshua M. Entin, Esq. $500.00/hour Admitted to Fla bar 2001
> Candace D. Cronan, Esq. $325.00/hour.  Admitted to Fla bar 2011
> Joseph E. Somake, Esq. $250.00/hour  Admitted to Fla bar 2014

In the case of a federal, nationwide, practice, at least one court has held it appropriate to consider rates awarded in other federal jurisdictions. <u>Sigley v. Kuhn</u>, 205 F.3d 1341 (6th Cir. 2000). Court holdings in the past ten years provide evidence of the going rate in the community. Rates ranging from $350 to $430 per hour to be reasonable in similar types of litigation over the past 10 years. For example, in <u>Rodriguez v. McLoughlin</u>, 84 F.Supp.2d 417 (S.D.N.Y. 1999), the Court awarded the supervising attorney in a civil rights action $425 per hour. In <u>Gonzalez v. Bratton</u>, 147 F. Supp. 2d 180, 211-12 (S.D.N.Y. 2001), the court approved rates up to $390 an hour for senior attorneys in a civil rights case.  In <u>Marisol A. ex rel Forbes v. Giuliani</u>, 111 F.Supp.2d 381 (S.D.N.Y.2000), the Court awarded civil rights attorneys up to $390 per hour. Additionally, in <u>Skold v. American Int'l Group, Inc.</u>, 1999 WL 405539 at 6-7 (S.D.N.Y. June 18, 1999), the Court held that rates of $400 for an experienced civil rights litigator was reasonable. The foregoing cases are at least five years old and current rates would be higher due to inflation and the increased cost of operations. In a 2004 decision in <u>Kuper v. Empire Blue Cross and Blue Shield</u>, No. 99 Civ. 1190JSG-MHD (S.D.N.Y. Dec. 18, 2003), aff'd No. 99 CV-1190 (Jan. 20, 2004), the Court held that $425 an hour

for an experienced civil rights attorney was reasonable. This Court also stated at page 10, that "hourly rates in excess of $400 are not limited to big firms." The Court referred to New York State NOW v. Pataki, 2003 WL 2006608, at 2 (S.D.N.Y. Apr 30, 2003), where the Court approved $430 an hour for a small civil rights litigator. In 2005, the hourly rate of $350.00 was charged by a comparable attorney in the case of Thompson v. Rancho Del Norte Villas, Inc., Case No. CV-S-156 (D. Nev. 2005). Moreover, as long ago as 2001, the Ninth Circuit affirmed a lower court award of $375 hourly to a prevailing civil rights plaintiff in Bauer v. Sampson, 261 F.3d 775, 786 (9th Cir. 2001).

In the case of Access 4 All, Inc. v. Park Lane Hotel, Inc., 2005 W.L. 3338555, *4 (S.D.N.Y. 2005), as of 2005 it was recognized that attorneys were awarded hourly rates ranging up to $425.00. In Steven Brother v. BFP Investments, Ltd., Case No. 03-10129-civ-Marra/Dube, the Court awarded Plaintiff's counsel $385 per hour in a Title III ADA case in March 2005. In Betancourt v. 3600 Centerpoint Parkway Investments, LLC, No. 03-72868 (E.D. Mich. 2004), the Court awarded an attorney $325 per hour in an ADA discrimination case in 2004. In Morris v. Eversley, 343 F.Supp. 234 (S.D.N.Y. 2004), attorneys in a civil rights case with 15 years of experience, were awarded $350 per hour in 2004.

In the recently-decided case of Kennedy v Satya Group, LLC, Case No. 2:17-cv-14393-RLR, (D.E 15) the United States District Court For the Southern District of Florida awarded Mr. Bacon $425.00 an hour, and the handling attorney $350.00 and hour. *Affidavit I*

Factors to be considered when setting a fee include: (A) the amount involved and the results obtained; (B) the time and labor required; (C) the novelty and difficulty of the issues; (D) the skill required to perform the legal services properly; (E) the preclusion of other employment; (F) the

customary fee; (G) whether the fee is fixed or contingent; (H) the time limitations imposed by the client or circumstances; (I) the experience, reputation and ability of the attorneys; (J) the undesirability of the case; (K) the nature and length of the professional relationship with the client; and (L) awards in similar cases. Hensley, *supra,* p. 429-430, Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974).

### A.    The Amount Involved and The Results Obtained

The Supreme Court has held that the most critical factor in determining the reasonableness of a fee award is the degree of success obtained. Hensley, 461 U.S. at 436; Farrar v. Hobby, 506 US 103, 114 (1992). *See also* Pearson v. Fair, 980 F.2d 37 (1st Cir. 1992).

Plaintiff submits that the benefit of the litigation to the public as a whole is a crucial factor under the Johnson analysis when determining fees. Pubic policy may support an award of attorneys' fees in civil rights cases when the Plaintiff has sued to vindicate a public right at a cost high in comparison to the actual damages suffered. Knight v. Auciello, 453 F.2d 852 (1st Cir. 1972). As such, in assessing attorneys' fee under the ADA, the Court must consider the benefits to the public as a whole attained as a result of the civil rights action. In Villano v. Boynton Beach, 254 F.3d 1302, 1306 (11th Cir. 2001) the Court held that "successful civil rights actions vindicate a public interest ...[and] [p]ublic benefit is a distinct measure of success in civil rights actions and ... a court must account for that distinct measure of success when calculating an award of fees and costs." As required under the law, Plaintiff respectfully requests that the Court give proper weight to the public interests that were vindicated for the Plaintiff and disabled persons as a result of this litigation. Defendant should now be required to make its premises fully compliant which will assist not only the Plaintiff, but also all disabled persons. *See* Hensley, 461 U.S. at 1940 (where a Plaintiff has

obtained excellent results, his attorney should recover a fully compensable fee). As one court

referenced in <u>Village Nurse Association of North Shore, Inc v. Bullen</u>, 1995 U.S. Dist. Lexis 21935

(D. Mass. 2006), "As the Senate noted upon the enactment of 42 U.S.C. § 1988, all of these civil

rights laws depend heavily upon private enforcement, and fee awards have proved an essential

remedy if private citizens are to have a meaningful opportunity to vindicate the important

Congressional policies which these law contain" (citation and internal quotations omitted).

In the case at bar, Plaintiff obtained significant beneficial results which substantially increase

the accessibility of Defendant's facility to wheelchair disabled individuals.[4]

### B.    The Time and Labor Required

Considerable time and effort was required to obtain the resolution of this case. Plaintiff filed

this action requesting that Defendants timely remove barriers to access at its premises  so that

Plaintiff and other wheelchair bound disabled persons could avail themselves of the same goods and

services enjoyed by the general public.

As set forth in the time sheets and docket entries, the undersigned attorney spent considerable

time on this matter.  The timesheets of Thomas B. Bacon are appended to his Affidavit as Exhibit

"A" and the timesheets of Christine N. Failey are attached to her Affidavit as Exhibit "B".  As set

forth therein, Thomas B. Bacon expended 2.2 hours and Christine N. Failey expended 7.9 hours.

This time was reasonable and necessary to bring this matter to conclusion with the beneficial results

obtained.  The Defendant has elected to simply ignore this ongoing litigation.  This time includes

the time expended by Plaintiff's counsel in drafting this Fee Application.  Any and all time incurred

---

[4]This is a suit for injunctive relief and no monetary damages are sought.  Therefore, the
"amount involved" is inapplicable as a factor in this action.

by Plaintiff's counsel in filing, preparing and litigating this fee application and any fee hearings thereon is compensable.  *See* Martin v. University of South Alabama, 911 F.2d 604, 610 (11th Cir. 1990); Guerrero v. Commings, 70 F.3d 1111 (9th Cir. 1995);  Davis v. City and County Of San Francisco, 976 F.2d 1536, 1544 (9th Cir. 1992); Valley Disposal, Inc. v. Central Vermont Solid Waste Mgmt. Dist., 71 F.3d 1053 (2nd Cir. 1995); Barlow-Gresham Union High School District No. 2 v. Mitchell, 940 F.2d 80 (9th Cir. 1991); Lund v. Affleck, 587 F.2d 75 (1st Cir. 1978);  Gagne v. Maher, 594 F.2d 336 (1979); Johnson v. State of Mississippi, 606 F.2d 635 (5th Cir. 1979);  Bagby v. Beal, 606 F.2d 411 (3[d] Cir. 1979); Prandini v. National Tea Company, 585 F.2d 47 (3[d] Cir. 1978).

### C.   The Novelty And Difficulty Of The Questions Presented And The Skill Requisite To Perform The Legal Service Properly

Thomas B. Bacon and Christine N. Failey regularly represent disabled plaintiffs in actions against places of public accommodations seeking the removal of ADA violations.  It is estimated that there are very few firms nationwide that litigate Title III ADA claims.  Thus, Thomas Bacon and the undersigned have developed forms and procedures aimed at reducing the number of hours incurred at the inception of the case.  For example, a complaint that would normally require 20-50 hours to generate only requires 2-4 hours for this attorney.  Such efficiency, however, should not be construed as an indication that ADA cases do not present novel and difficult questions.  To the contrary, representation of plaintiffs in ADA actions presents numerous issues regarding entitlement to injunctive relief, standing, barriers to access, undue burden, exemptions, new construction and alterations versus pre-ADA construction, extensive knowledge of the ADAAGs (relevant ADA accessibility guidelines), Technical Assistance Manual and a multitude of other guides issued by the

Department of Justice, the extensive volumes of case law issued by the courts nationwide, and finally whether remedial measures are "readily achievable."

Plaintiff submits that the novelty and difficulty of the issues presented in ADA actions, and the skill requisite to properly address such issues justify a higher rate than many other areas of practice.

**D.    The Preclusion Of Other Employment Due To Acceptance Of The Case And The Undesirability Of The Case**

It has been recognized that plaintiffs and their attorneys in cases such as the one at issue herein are the subjects of "vitriolic hostility." Mallory v. Harkness, 923 F.Supp. 1546, 1555 (S.D. Fla. 1996). They are often the subjects of negative publicity, have been called "professional pawns" by some detractors and a "cottage industry" by others. Some courts, on the other hand, have recognized such civil rights advocates as "private attorney generals." *See e.g.*, Hensley, 461 U.S. at 445. It is seldom admitted that the primary, and perhaps singular, reason public places are beginning to comply with the obligations of the ADA is because of these private attorney generals filing enforcement suits.

Yet, because of the negative publicity and attitude that many have toward Title III ADA actions, the undersigned is predictably precluded from other employment based on acceptance of the case. For instance, it is highly unlikely that undersigned counsel will attract business clientele. It has been recognized that civil rights plaintiffs' work is oftentimes undesirable, and that plaintiffs' attorneys are economically impacted by their decision to help the civil rights litigant. As explained in Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 719 (5th Cir. 1974):

> "Civil rights attorneys face hardships in their communities because of their desire to help the civil rights litigant.... Oftentimes his decision to help eradicate

discrimination is not pleasantly received by the community or his contemporaries. This can have an economic impact on his practice which can be considered by the Court."

Additionally, in the instant case, the undersigned attorney expended the time referenced above in the prosecution of this action. This time, spent on a contingency basis, could have been spent on other matters.

### E.    The Customary Fee And Fees Awarded In Similar Cases

In determining the reasonableness of the fees and hourly rate, it is appropriate to consider rates awarded in other cases. Because the attorney compensation is based on contingency, and payment has not been made, courts award the current prevailing market rate. The current market rate is the rate at the time of the Fee Petition, not the rate at the time the services were performed. This takes into account the delay in payment. Lanni v. State of New Jersey, 259 F.3d 146, 149-50 (3d Cir. 2001). Additionally, in considering the rates awarded in prior cases, courts adjust rates upward to account for inflation. It is especially important in this case in that Plaintiff has been in litigation without Plaintiff's counsel having received any payment to date.

As set forth above, the fee customarily charged and awarded by courts in civil rights cases is $350 to $430 per hour. Plaintiff is seeking $425 per hour for attorney Thomas B, Bacon, $350 per hour for Christine N. Failey, and $115 per hour for paralegal.

### F.    Whether The Fee is Fixed or Contingent

The fee in the instant action is contingent. In fact, Plaintiff's counsel has incurred significant expenses. Moreover, there is no certainty that Plaintiff's counsel will receive any compensation at all. Therefore, in setting a reasonable hourly rate, Plaintiff submits that this Court should award the

higher range of rates to account for the length of time and uncertainty that counsel would be paid at all.

### G.    The Time Limitations Imposed by the Client or Circumstances

Because the barriers to access complained of by Plaintiff restricted and/or limited Plaintiff's access to the subject Facility, time was of the essence. Every day that passed while the undersigned did not work on the case and make every effort to expedite its resolution, by pursuing litigation, was another day that the subject property would remain inaccessible.

### H.    The Experience, Reputation and Ability of the Attorneys

Plaintiff's counsel has significant experience in civil rights cases, including ADA Title III litigation in several many states. Plaintiff's counsel have the experience, reputation and ability that the Johnson Court, supra, looks to when determining fees.

Thomas Bacon has over twenty-seven (27) years of experience as a trial attorney. He is a member of the Florida Bar, 1998; the Pennsylvania Bar, 1989; the Georgia Bar, 2008; United States District Court for the Southern District of Florida; United States District Court for the Northern District of Illinois; United States District Court for the Western District of Texas; United States District Court for the Western District of Pennsylvania; United States Court for the District of Puerto Rico; Eleventh Circuit Court of Appeals; Second Circuit Court of Appeals, Third Circuit Court of Appeals, Fourth Circuit Court of Appeals; and Sixth Circuit Court of Appeals.

Christine N. Failey has been a civil litigation attorney for over eleven (11) years. She is a member in good standing in Florida, and United States District Court for the Middle District of Florida.

-15-

I.      **The Nature and Length of the Professional Relationship with the Client**

The undersigned attorney as well as Thomas B. Bacon have represented plaintiffs in several other actions and have a continuing relationship with their clients.  This has led to increased efficiency in the prosecution of this litigation.

IV.  **COSTS AND LITIGATION EXPENSES**

A.      **Costs**

A  prevailing party is entitled to costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. These costs are defined by 28 U.S.C. § 1920, which provides for recovery of, <u>inter alia,</u> (1) fees of the Clerk and process server; (2) court reporter fees "for all or any part of the stenographic transcript obtained for use in the case"; (3) fees for printing and witnesses; (4) fees "for exemplification and copies of papers necessarily obtained for use in the case"; and (5) docket fees. Additionally, in civil rights actions, a prevailing party may recover expenses not normally available under § 1920.  *See*  <u>Dowdell v. City of Apopka</u>, 698 F. 2d 1181, 1189-92 (11th Cir 1983). Such additional expenses cover "with the exception of routine overhead, normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of the settlement of the case." <u>Id</u>. at 1192.  <u>Dowdell</u> reversed the lower court for its refusal to tax travel, telephone and postage expenses as costs.

In <u>Davis v. Mason County</u>, 927 F. 2d 1473, 1488 (9th Cir. 1991), the Ninth Circuit discussed the recovery of travel expenses under 42 USC §1988:

> " Mason County fails to see that like the expert witness fees, the travel expenses were not granted as costs under section 1920, but rather as out-of-court expenses compensable under section 1988. Courts have generally held that expenses incurred

during the course of litigation which are normally billed to fee-paying clients should be taxed under section 1988. Dowdell, *supra* at 1190, Palmigano v. Garraby, 707 F. 2d 636,637 (1st cir 1983); Northcross v. Board of Education, 611 F. 2d 624, 639 (6th Cir. 1979); cert. denied, 447 U.S. 911 (1980).

As the Eleventh Circuit said in Dowdell:

" Reasonable attorney's fees' under the (Attorney's Fee Awards) Act must include reasonable expenses because attorney's fees and expenses are inseparably intertwined as equally vital components of the cost of litigation. The factually complex and protracted nature of civil rights litigation frequently makes it necessary to make sizeable out -of- pocket expenses which maybe essential to success as the intellectual skills of the attorneys. If these costs are not taxable, and the client, as is often the case, cannot afford to pay for them, they must be borne by counsel, reducing the fees award accordingly. Thus, following the reasoning adopted in upholding the award of expert witness fees, we also affirm the district courts award of travel expenses pursuant to section 1998."

Said expenses are fully itemized in the attached invoice.

## B.   Litigation Expenses Include Expert Fees

The ADA expressly states that the prevailing party may receive "reasonable attorneys fees, including litigation expenses and costs." 42 USC § 12205.  See Lovell v. Chandler, 303 F. 3d 1039, 1058 (9th Cir. 2002) ("because the term 'litigation expenses' normally encompasses expert witness fees, we hold that the statutory provision provides direct authority for the award of expert witness fees."); Robins v. Scholastic Book Fairs, 928 F.Supp 1027, 1036  (D. Or. 1996)  (finding that litigation expenses include the costs of expert witnesses); Association for Disabled Americans, Inc., et. al. v. North Beach Plaza, Inc., supra, (awarding expert fees of $3755.50 at $185 per hour); ACCESS FOR THE DISABLED, Inc. v. SCIT, Inc.,Case No. 06-2888  (N.D. Oh. 2007)(awarding $6,350 in expert fees at hourly rate of $175 for initial inspection and $200 per hour for the final inspection).

## V.    Costs of Reinspection And Monitoring Of Compliance

The proposed $1,000.00 reinspection fee is for the reinspection contemplated after the Defendant completes the repairs of the existing barriers to access, to confirm that the ADA violations have been corrected. Reinspection fees have been awarded in civil rights cases in order to monitor compliance with the court order.  See, Access For America, Inc. v. Oakwood Center, L.C., Case No. 8:02-civ-464-T-30MSS (M.D. Fla. 2003); Access For America, Inc. v. Fram Fed Four, Inc. Case No. 02-60605-civ-Lenard/Simonton, at p. 14 (S.D. Fla. 2002); Access 4 All, Inc. v. Business Consultants International Corp. Case No. 02-21482-civ-Ungaro-Benages/Brown p. 10 (S.D. Fla. 2002); Access 4 All, Inc. v. Safari Investments, Inc. Case No. 01-4795-civ-Jordan/Bandstra, p. 11 (S.D. Fla. 2002). Various circuit courts have held that services required in the post-judgment monitoring to ensure continuing compliance with a consent decree in civil rights cases are compensable. See Keith v. Volpe, 833 F. 2d. 850, 855-56 (9th Cir. 1987), Johnson v. City of Tulsa, 489 F.3d 1089, 1106 (10th Cir. 2007), Northcross v. Board of Education, 611 F. 2d 624, 637 (6th Cir. 1980); Garrity v. Sununu, 752 F. 2d 727, 738-39 (1st Cir. 1984), Jenkins v. State of Missouri, 127 F. 3d 709, 716-720 (8th Cir. 1997). At least one Circuit has awarded compensation for such services prospectively.  See Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp., 540 F.2d 102, 121 (3d Cir. 1976).

On January 3, 2018 the Southern District Of Florida held that $1,000.00 for a reinspection fee is reasonable. Kennedy v Satya Group, LLC, Case No 2:17-cv-14393-RLR (S.D Fla 2018). *Exhibit "I"*

## VI.    Plaintiff's Attorneys Are Entitled To Their Fees In Drafting The Instant Motion

Courts have widely held that civil rights plaintiffs' attorneys are entitled to compensation for their time incurred in generating their fee petition and attending any fee hearings. See Prandini v. National Tea Company, 585 F.2d 47, 53 (3rd Cir. 1978);  Bagby v. Beal, 606 F.2d 411, 416 (3rd Cir. 1979;  Barlow-Gresham Union High School District No. 2 v. Mitchell, 940 F.2d 1280, 1286 (9th Cir. 1990); Martin v. University of South Alabama, 911 F.2d 604,610 (11th Cir. 1990);  Coulter v. State of Tennessee, 805 F.2d 146, 151 (6th Cir. 1986); In re Nucorp Energy, Inc., 764 F.2d 655, 660-661 (9th Cir. 1985); Johnson v. State of Mississippi, 606 F.2d 635, 638 (5th Cir. 1979); Gagne v. Maher, 594 F.2d 336, 343-44 (2nd Cir. 1979); Weisenberger v. Huecker, 593 F.2d 49, 53-54 (6th Cir. 1979); Lund v. Affleck, 587 F.2d 75, 77 (1st Cir. 1978).

As hereinbefore explained, and as itemized in the invoice submitted, Plaintiff has incurred the $7,001.50 in fees and expenses.  This is based on 2.2 hours expended by Attorney Thomas B. Bacon, multiplied by the sought hourly rate of $425, for a total of $935.00; 7.9 hours expended by Attorney Christine N. Failey, multiplied by a sought hourly rate of $350, for a total of $2,765.00; filing fees in the amount of $400.00 and process server fees in the amount of $55.00.  Plaintiff also incurred initial investigator fees in the amount of $350.00 which was necessary for the pre-suit investigation.

Plaintiff's counsel below certifies that she has fully reviewed the time records and supporting data and that the motion is well grounded in fact and is justified.

Thus, Plaintiff's total expert fees, attorney fees, costs and litigation expenses are $5,751.00.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully moves this Court to enter Judgment After Default against the Defendant, enjoining them from discriminating against individuals with disabilities, closing the subject facilities until completion of all alterations necessary to make the premises accessible by individuals with disabilities and otherwise in compliance with the ADA, and awarding Plaintiff her attorneys' fees, expenses and costs incurred in this action in the amount of $5,751.00.

Respectfully submitted,

Attorney for Plaintiff:

By: _____
Christine N. Failey, Esq.
Fla. Bar No. 0022520
*Of Counsel*
**Thomas B. Bacon, P.A.**
PO Box 55404
St. Petersburg, FL 33703
ph. (813) 481-9320
cfailey@cfaileylaw,com

___/s/_____
Thomas B. Bacon, Esq.
**Thomas B. Bacon, P.A.**
644 N. Mc Donald St.
Mt. Dora, FL 32757
ph. (954) 478-7811
tbb@thomasbaconlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of

record via the Court's CM/ECF system this January 10, 2018.


Pacifica Tampa LTD Partnership
1775 Hancock St.,#200
San Diego CA  92110